## Thomas R. Brown, Plff. in Err., v. Susannah Weaver.

The landlord, and not the tenant, was liable for injuries caused by reason of pavement being out of repair.

(Decided February 8, 1886.)

Error to the Common Pleas, No. 3, of Philadelphia County to review a judgment for plaintiff in an action for damages for personal injuries.   Affirmed.

*Walter C. Rodman, Frederick M. Leonard,* and *Wm. Mc-George* for plaintiff in error.

*Morgan & Lewis* for defendant in error.

PER CURIAM:

The tenant had no such possession of the premises as to exempt the landlord from liability for damages caused by the pavement being out of repair.   The duty of repairing the pavement was on the landlord, who was the owner of the premises.   The charge of the court was quite as favorable for the plaintiff in error as he was entitled to demand.

Judgment affirmed.

Cited in note to Wilkinsburg v. Home for Aged Protestant Women, 7 Pa. Co. Ct. 77.

NOTE.—A landlord is not liable to third persons for injuries happening upon the premises if the same were in a safe condition at time of the lease. Towt v. Philadelphia, 173 Pa. 314, 33 Atl. 1034.   But the landlord continues answerable for injuries resulting to third parties, from buildings negligently constructed by him.   Palmore v. Morris, 182 Pa. 82, 61 Am. St. Rep. 693, 37 Atl. 995.   But he is not liable to the tenant, if the building was planned by a competent architect, and was constructed under his direction. Walden v. Finch, 70 Pa. 460.

As to liability of landlord to third person for condition of highway, sidewalks, or other parts of the premises in possession of a tenant, see editorial note to Lee v. McLaughlin, 26 L. R. A. 197.   As to the liability of the landlord for the defects in the portion of the premises remaining in his possession, see editorial note to Dollard v. Roberts, 14 L. R. A. 238.   As to landlord's liability for the condition of the portion of the premise not controlled by tenant, see editorial note to Jones v. Millsaps, 23 L. R. A. 155.