Argued October 14, decided October 27, 1908.

## WEBB v. HEINTZ.

[97 Pac. 753.]

PLEADINGS—ADMISSIONS—EFFECT.

1. A plaintiff is not precluded, by a reply denying the averments in the answer from relying on the averments as an admission, and he need not prove what defendant expressly admitted in the answer.

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE- QUESTION FOR JURY.

2. Contributory negligence is for the jury, when there is a conflict in the evidence, or when different inferences may be drawn from the undisputed facts; and it is only when the facts are undisputed, and only one inference can be drawn therefrom, that the question is for the court.

MUNICIPAL CORPORATIONS — OBSTRUCTION OF SIDEWALK — INJURY TO PEDESTRIAN—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

3. A traveler on a sidewalk, about 8:30 o'clock in the evening, who, while her attention was diverted from the walk in front of her to see whether a car

she desired to board was approaching, tripped and fell over an obstruction on the walk of which she had no knowledge, was not as a matter of law guilty of contributory negligence.

MUNICIPAL CORPORATIONS — OBSTRUCTION OF SIDEWALK — INJURY TO
     PEDESTRIAN—CONTRIBUTORY NEGLIGENCE.

4. A traveler on a public walk may assume, in the absence of a notice to the contrary, that the walk is safe; but he must use his senses and take reasonable care to avoid danger, and where he has notice that a walk is obstructed he must act accordingly.

From Multnomah: JOHN B. CLELAND, Judge.

This is an action by Mary E. Webb against O. E. Heintz, doing business under the firm name and style of Pacific Iron Works, for personal injuries received by plaintiff from falling over an angle-iron frame, left lying on the outer edge of the sidewalk and parallel therewith, in the City of Portland. From a judgment of nonsuit in favor of defendant, plaintiff appeals.          REVERSED.

For appellant there was a brief over the names of *Messrs. Spencer & Davis,* with an oral argument by *Mr. Wilfred E. Farrell.*

For respondent there was a brief over the names of *Messrs. Veazie & Veazie,* with an oral argument by *Mr. Arthur L. Veazie.*

Opinion by MR. CHIEF JUSTICE BEAN.

This is an action to recover damages for personal injuries received by plaintiff from tripping and falling over an angle-iron frame on a sidewalk in the City of Portland.

The facts are that in August, 1905, the Portland Trust Co. was engaged in repairing a building on the corner of Third and Oak streets. The work was under the supervision of J. D. Tresham, a contractor. Tresham ordered of defendant Heintz, who was doing business under the firm name of the Pacific Iron Works, for use in the building, five angle-iron furrings, each 16 feet long, about 20 inches wide, and 18 or 20 inches high. Four of these furrings were delivered at the building on August 29th, and the fifth on the next day some time after 5 o'clock, and was left overnight lying on the outer

edge of the sidewalk and parallel therewith. On the evening of that day, "between daylight and dark," as plaintiff testifies, she was walking down Third street, intending to board a car going north at Oak. As she approached Oak street she moved toward the outer edge of the walk with the intention of crossing the street, and while looking back up Third street, to see if her car was approaching, she did not observe the angle frame, and tripped over it, and was seriously injured. She brought an action against the owner of the building, the contractor, and defendant Heintz, jointly, to recover for the injuries thus received; but the action seems to have been dismissed or discontinued as to all the defendants except Heintz. Upon the issues framed between him and plaintiff the cause went to trial before a jury, and at the close of plaintiff's testimony she was nonsuited, and appeals.

1. In support of the ruling of the court below it is contended (1) that there was no evidence tending to show that the frame, over which plaintiff tripped, was placed on the sidewalk by defendant; and (2) that plaintiff did not exercise ordinary care and caution, and cannot recover on the ground of contributory negligence. There is no direct testimony that the obstruction was placed on the sidewalk by defendant, or by his direction; but that is affirmatively alleged in his answer. He avers that at the request of Tresham he furnished and delivered to him five angle-iron frames, including the one described in the complaint, for use in the building; that such delivery was made on the 29th of August, 1905, and the last of such frames was delivered "by this defendant at said building on the 29th day of August, 1905, at about 5 o'clock p. m., * * upon the sidewalk in front of said premises, and by placing and leaving the same upon the outer edge of said sidewalk, lengthwise, along and over the curb, in the position in which the same would be least in the way of pedestrians using said sidewalk."

These averments, it is true, are denied by the reply; but that does not make them any the less admissions of the defendant, which the plaintiff could take advantage of on the trial, if she·so desired.  She was not precluded by her reply from relying on the admissions in the answer, nor was she required to prove what defendant had thus expressly and solemnly admitted: *White* v. *Smith,* 46 N. Y. 418.

2. The remaining question is whether, as a matter of law, plaintiff cannot recover on account of her own negligence ·or want of due care.  Contributory negligence, when set up as a defense in a personal injury action, is commonly a question for the jury. . It is only when the facts are undisputed, and only one inference can be drawn from the testimony, that the question is for the court.  When there is a conflict in the evidence, or even when the facts are undisputed, but different inferences may be drawn from them, it is one of fact for the jury: *Nosler* v. *Coos Bay R. R. Co.* 39 Or. 331 (64 Pac. 644) ; *Wolf* v. *City Railway Co.* 45 Or. 446 (72 Pac. 329, 78 Pac· 668).

3.. In the case at bar the testimony in relation to plaintiff's conduct is very brief.  It is that, while walking north .on the east side of Third street, about 8 :30 o'clock in the evening, between daylight and dark, and while her attention was diverted from the walk in front of her, to see whether a car she desired to board was approaching, she tripped and fell over an obstruction on the walk of which she had no notice or knowledge.  This does not constitute contributory negligence as a matter of law.

4. A traveler on a public walk has a right to assume, in the absence of notice to the contrary, that the walk is in a safe condition: Bishop's Non-Contract Law, § 1013.  He is, of course, required to exercise his senses, and use reasonable care and diligence to avoid danger; but whether he does so is generally for the jury, under the circumstances of each particular case.  If he has

notice that the walk is dangerous or obstructed, or has knowledge of such facts as are calculated to put a man of ordinary and reasonable capacity on the lookout, he must act accordingly. But when he has no notice of, or reason to anticipate, the dangerous condition of the walk, he is not bound to keep his eyes constantly fixed on it in search of possible defects; and if his attention is momentarily or temporarily diverted, by reason of which he does not see a defect or obstruction in time to avoid it, he is not thereby precluded from recovery as a matter of law: *Chicago* v. *Babcock*, 143 Ill. 358 (32 N. E. 271) ; *Mayor, etc., of Birmingham* v. *Tayloe*, 105 Ala. 170 (16 South. 576) ; *West* v. *City of Eau Claire*, 89 Wis. 31 (61 N. W. 313) ; *Jennings* v. *Van Schaick*, 108 N. Y. 530 (15 N. E. 424: 2 Am. Rep. 459) ; *Brown* v. *Weaver* (Pa.), 5 Atl. 32.

Judgment reversed, and new trial ordered.

REVERSED.