Argued March 20, decided April 1, 1913.

## BREESE v. WILDWOOD LUMBER CO.

(131 Pac. 299.)

Negligence—Use of Property.

1. While a landowner may do whatever he will with his property, he cannot use it so as to imperil the rights of others, and, if he undertakes to do an act by which the conduct of others may be affected, he is bound to act in such a manner that those who are led to a course of action shall not suffer loss by his negligence, consequently a landowner who has a spur track upon his property is liable for his negligence in piling lumber so close to the track that a servant of the railroad company in switching cars thereon was injured.

Negligence—Question for Jury—Contributory Negligence.

2. In a personal injury action, when the defense of contributory negligence is urged, it must be submitted to the jury, unless from all the evidence it appears that reasonable men acting as the triers of fact, would necessarily find, either that the plaintiff knew and appreciated the danger, or that ordinarily prudent men under the same circumstances would have acquired such knowledge and appreciation.

Negligence—Question for Jury—Contributory Negligence.

3. Where a lumber corporation which had a spur track upon its property piled the lumber so close to the track that, when it leaned over, it would naturally strike a brakeman riding on the steps of a car switched on the track, the question of the brakeman's contributory negligence in failing to notice the danger is for the jury, since contributory negligence will not be imputed as a matter of law to a person who receives an injury from a danger simply from the fact that it might have been seen, and the nature of the brakeman's duties being such as to necessarily distract his attention.

From Lane:   LAWRENCE T. HARRIS, Judge.

Statement by MR. JUSTICE BEAN.

This is an action by Herman E. Breese against the Wildwood Lumber Company, a corporation, to recover damages for a personal injury.  Plaintiff had a verdict

and judgment for $1,200, and defendant appeals. The facts as disclosed by the record are as follows:

The defendant is the owner of a mill and lumber yard, with a dock, at Wildwood, Lane County, Oregon, and procured the construction by the Oregon & Southeastern Railroad Company of a spur track extending from the main line into the millyard for the purpose of transporting lumber therefrom. At the time of the injury complained of, June 13, 1910, plaintiff was a brakeman in the employ of the railroad company. He had been at work as a regular brakeman since May 28, 1910, and as an extra hand for a portion of the time since December, 1909. With the engineer and fireman, he was engaged in backing an engine and one car in on the spur track for the purpose of taking out a car of lumber. He turned the switch, and as the car passed him he caught hold of the ladder on the side, intending to go to the top of the car. Just as he jumped on his switch keys which were attached to his clothing caught in his gloves, and he stopped to adjust the keys, hanging on with his left hand. When not far from the top of the car, he noticed that the pile of lumber was so near the car that he would come in contact with it. He endeavored to get down from the ladder, but before he could do so, and just as he made the second step, he was caught between the car and the pile of lumber, and injured. The lumber was piled by the defendant company about 12 or 14 feet high, 4 feet from the rails, and 18 inches from the box car at the bottom, and leaned 1 foot towards the track from a vertical line. One rail of the track, which was on a curve, had an elevation of 2 inches, so that a car would be tilted about 6 inches from the lumber, and the top of a passing car would be about 12 inches from the same. The rounds of the ladder were 2½ or 3 inches from the side of the car leaving a space at the top of about 9 inches between the ladder and the lumber. The

car was moving at the rate of about 6 or 8 miles an hour.

Plaintiff alleges as the gist of the negligence on the part of defendant that in piling the lumber defendant carelessly and negligently erected the same with the base thereof within 4 feet of the rails of the track, and built the same to such a height that the top of the pile of lumber leaned over towards the rails of the spur track and was within 8 inches of the top of the car on the switch, that it was plaintiff's duty as a brakeman to attend to the switching and coupling of cars, and to climb over and upon the same. The defendant denies any negligence, and pleads that in erecting the pile of lumber the same was done in a careful manner, so that the pile was at least 2 feet from the sides of the cars used by the railway company; that the plaintiff was an experienced brakeman and familiar with the work, and the switch beside which the lumber was piled; that the location of the lumber was well known to him, and that, if there were any danger therefrom, it was open and visible; that plaintiff should have taken a position upon the other side of the car; that he could have seen the danger, but that he negligently and carelessly remained on the side of the car upon which the lumber was piled; that he had ample time in which to climb to the top; that as the car approached the pile of lumber he leaned and swung out from the side in a careless manner, and was guilty of contributory. negligence. There were no contractual relations between plaintiff and defendant. It does not appear that the plaintiff was at any time warned of the proximity of the pile of lumber to the track. The evidence shows that the lumber was about 250 feet from the switch; that plaintiff had ridden in on the top of the car a few times while making flying switches, but, as he states that he had never noticed the distance between the pile of lumber and the track before the date of the injury. It is in evidence that in getting on a moving train at switches

it is the proper place for a brakeman to get on the ladder on the side of the car to perform his duties. It appears that plaintiff got on the side of the car that was most convenient.

For appellant there was a brief over the names of *Mr. John S. Medley* and *Messrs. Woodcock & Smith,* with oral arguments by *Mr. Medley* and *Mr. Absalom C. Woodcock.*

For respondent there was a brief over the names of *Messrs. Williams & Bean* with an oral argument by *Mr. John M. Williams.*

Mr. Justice Bean delivered the opinion of the court.

At the close of the plaintiff's case, defendant's counsel moved for a nonsuit, and assigns the refusal to grant the same as error. It is the contention of defendant that the plaintiff knew that the pile of lumber was there, and that he could have seen the same if he had made any effort to observe it, or had used reasonable care on his part.

1. This is the only question raised and relied upon in this case. In Wharton's Law of Negligence (2 ed.), Section 782, we find this familiar statement:

"I can undoubtedly, in exercise of my rightful liberty, do generally with my property, within its own orbit, what I will; but, if I so wield it as to impinge upon the rights of others, then I am liable for the damage so produced. * * Thus I may dig pits at my pleasure on my land; but I will nevertheless be liable if any person having a right or even permission to enter the land falls into one of these pits and is hurt."

In Whartons Law of Negligence, (2 ed.), Section 437, it is said:

"If a person undertakes to do an act or discharge a duty by which the conduct of others may properly be regulated and governed, he is bound to perform it in such manner that those who are rightfully led to a course of conduct or action, on the faith that the act or duty will

be duly and properly performed, shall not suffer loss or injury by reason of his negligence."

2, 3. The main contention of the defendant is that the risk was an open, visible one, and that plaintiff knew, or ought to have known, of the proximity of the pile of lumber to the spur track. Contributory negligence will not in all cases be imputed as a matter of law to a person who receives an injury from a danger simply from the fact alone that it might have been seen, for the reason that the nature of his duties, or the surrounding circumstances, may be such as to detract his attention from the danger. 1 Thompson, Negligence . (2 ed.), Section 189; *Gentzkow* v. *Portland Ry. Co.,* 54 Or. 114, 124 (102 Pac. 614: 135 Am. St. Rep. 821) ; *Webb* v. *Heintz,* 52 Or. 444 (97 Pac. 753). In discussing a similar question in the case of *Johnston* v. *O. S. L. Co.,* 23 Or. 94, at page 105 of the opinion, 31 Pac. 283, at page 286, Mr. Justice MOORE said:

"An open, visible risk is such an one as would in an instant appeal to the senses of an intelligent person. Wood, Mas. & Ser. 763. It is one so patent that it would be instantly recognized by a person familiar with the business. It is a risk about which there can be no difference of opinion in the minds of intelligent persons accustomed to the service. It is not expected that the servant will make close scrutiny into all the details of the instrumentalities with which he deals. His employment forbids that he should thus spend his time. If the rule were otherwise, the management of a great railway system would be needlessly slow. The servant is expected to observe such objects only, in the absence of notice, as would in an instant convince him of their danger. It is not expected of a switchman that he should carefully measure the distance between a switch target and the rail."

When a defense of contributory negligence is claimed as a ground for a nonsuit, as in this case, it must appear

that reasonable men, acting as the triers of the fact, would find, without any reasonable likelihood of differing in their views, either that the plaintiff knew and appreciated the danger, or that ordinarily prudent men under the same circumstances would readily acquire such knowledge and appreciation. The fact that the plaintiff had actual or constructive knowledge must appear either directly or by necessary inference from the evidence and the uniform experience of men, before the court can order a nonsuit on this ground; and this result must follow after the evidence has received a construction most favorable to the plaintiff. *Gentzkow* v. *Portland Railway Co.*, 54 Or. 114, 126 (102 Pac. 614: 135 Am. St. Rep. 821).

The plaintiff was performing a service for the defendant in going after the loaded car. The engine was being run in on the spur track for the purpose of taking out a car of lumber from defendant's mill; therefore plaintiff was rightfully upon the premises and engaged in performing his duty. He had a right to expect that the yard was reasonably free from snares or unseen and dangerous traps, so that a car could pass safely over the track in accomplishing the purposes for which the spur was designed. The evidence is to the purport that Breese was discharging his duties in the customary manner; that, while he had switched cars on the spur before, this was the first occasion that he had to go in for the purpose of taking out a car, as he did on the day of the accident. He states that he knew that the pile of lumber was there, but that he had not noticed its proximity to the track. It does not appear that plaintiff had any reason for thinking that there was any less danger on the opposite side of the car than there was on the side upon which he climbed. It cannot be said as a matter of law that the plaintiff, acting as a brakeman in switching a car, was careless in climbing or riding upon the side of the car (*Sou. Kans. Ry. Co.* v. *Michaels*, 57 Kan. 474: 46 Pac.

938), nor that in the exercise of ordinary care he should have noticed the nearness of the pile of lumber to the track which curved toward the lumber, nor that he knew of and appreciated the danger, and was therefore guilty of contributory negligence. These questions were properly for the determination of the jury from all the facts and circumstances as disclosed by the evidence in the case. *Johnston* v. *O. S. L. Ry. Co.*, 23 Or. 94 (31 Pac. 283); *Millen* v. *Pac. Bridge Co.*, 51 Or. 538, 554 (95 Pac. 196); *Galvin* v. *Brown & McCabe*, 53 Or. 598, 612 (101 Pac. 671). The jury may have reasonably believed that the plaintiff did not know of the dangerous location of the lumber before the accident, and that on account of his duties, and his position when climbing up the side of the car with his face towards the same, and arranging his switch keys, he did not see that the lumber was so near the rails as to prevent his passing in that manner until it was too late to avert the danger, and that plaintiff, as an ordinarily prudent man acting under such circumstances, would not readily know and appreciate the danger. 1 Thompson, Negligence (2 ed.), Section 446; *Gentzkow* v. *Portland Ry. Co.*, 54 Or. 114 (102 Pac. 614: 135 Am. St. Rep. 821).

There was no error in submitting the case to the jury. The judgment of the lower court will therefore be affirmed.                          AFFIRMED.