**COOK v. HUNT.**

No. 25522.  Oct. 27, 1936.

Rehearing Denied Dec. 22, 1936.

Tillman & Tillman, D. E. Johnson, and N. E. McNeill, for plaintiff in error.

J. C. Cornett and Chas. B. Wilson, for defendant in error.

WELCH, J. We refer to the parties as they appeared in the trial court, where W. C. Hunt, as plaintiff, sued the defendant, H. N. Cook, for damages for personal injury resulting when defendant negligently and carelessly shot plaintiff with a shotgun.

The cause was tried to a jury, resulting in verdict and judgment for plaintiff, and the defendant prosecutes this appeal.

The essential facts are that the defendant, Cook, was president, and the plaintiff, Hunt, employee of a bank at Fairfax. During banking hours three armed bandits entered the bank to rob it, and were proceeding with their purpose. The defendant escaped from the bank, spread the alarm, obtained a shotgun and fired one shot near the back door and then stationed himself near the back door to await the exit of the robbers.

Shortly thereafter the robbers came out that door brandishing their pistols and using a number of customers and some employees, including plaintiff, as shields in their effort to escape.

After the robbers had progressed some little distance from the door, the defendant exchanged shots with one of the robbers, and in so doing he shot and wounded the plaintiff, resulting in the damage sued for.

There is some controversy as to whether defendant or the robber first fired in their exchange of shots, but scarcely any dispute that plaintiff's injury was caused by shots fired by the defendant.

The defendant, in effect, asserted two grounds of defense, one that he fired in discharge of his duty and in his right to arrest the robber and prevent his escape; and, second, that he fired at the robber in his necessary self-defense, and therefore was not liable.

For reversal the defendant earnestly insists that it was his duty, and that he had the right to shoot or shoot at the robber in an effort to arrest him or prevent his escape, and that his shooting was therefore fully justified. He urges that if he had inflicted the same injuries upon the robber he would not have been liable, and therefore he is not liable for the injuries inflicted on plaintiff.

With those contentions we do not fully agree. We have no doubt that under the circumstances here shown the defendant had a perfect right to shoot the bandit, and would not have been liable for damages if he had shot and wounded the bandit. But in attempting to do that he had no right to act in utter disregard of the position of any innocent bystander. It was his duty at least to use due care and caution that his shot directed at the robber should not by his negligence or carelessness strike the plaintiff, who stood several feet from the robber when plaintiff's shot struck him.

Such negligence may well result in liability for injuries inflicted upon innocent bystanders, depending of course upon the circumstances of the case.

In Shaw v. Lord, 41 Okla. 347, 137 P. 885, this court considered a similar action for damages against an arresting officer who was trying to arrest one Smith, and in an exchange of shots he unintentionally shot the plaintiff, a bystander. In that case the officer, for his defense, asserted similar grounds, that is, that he fired in his necessary self-defense, and that he was acting in his right and duty to arrest Smith, who was a felon. The court in the body of the opinion said:

"There can be no doubt of defendant's right, and under the evidence we must assume it was his duty, to effect the arrest of Smith at the hotel; but, of course, this does not relieve him of the duty to exercise such care to avoid injury to other persons as a person of ordinary prudence would usually exercise in doing so under like circumstances, or, which, in the present case, is its equivalent differently stated in respect to criteria, such care as persons of ordinary prudence usually exercise about their own affairs of great importance, and, in this aspect, great care."

And as to the right to shoot in self-defense, the court in that case held:

"Ordinarily, where a person, in lawful self-defense, shoots at an assailant, and, missing him, accidentally wounds an innocent bystander, he is not liable for the injury, if guilty of no negligence; and the question of negligence is for the jury."

In Askay v. Maloney, 166 P. 29, and 179 P. 899, the Supreme Court of Oregon considered a similar case against officers who were in pursuit of a fleeing felon, and in attempting to shoot him they missed their target and unintentionally shot and killed a third person. That court cited and followed the rules stated in Shaw v. Lord, supra. In the Oregon case, at page 904 of the last Pacific Reporter citation, the court, in speaking of the duty of the officers, used this language:

"* * * Of course, it was their duty to act with reasonable prudence to avoid the injury of innocent persons, and the care must be commensurate with the danger involved. It goes without saying that a greater quantum of caution should be observed in firing upon him with pistols than if they were grappling him with their hands. Whether they were negligent under all the circumstances of the case, as a result of which the injury was inflicted, was a question for the jury to determine according to the preponderance of the evidence upon a consideration of the whole case. Palmer v. P. R. L. & P. Co., 56 Ore. 262, 108 P. 211, 59 Am. & Eng. R. Cas. (N. S.) 68. See, also, Morris v. Platt, 32 Conn. 75; Paxton v. Boyer, 67 Ill. 132, 16 Am. Rep. 615; Shaw v. Lord, 41 Okla. 347, 137 P. 885, 50 L. R. A. (N. S.) 1069; Ann. Cas. 1916C, 1147; Brown v. Kendall, 6 Cush. (Mass.) 292—cited in the former opinion."

These decisions and cases therein cited seem to suggest the rule that while under proper circumstances one has the right to shoot in making an arrest, or to shoot his assailant in necessary self-defense, he is not thereby relieved of the duty to use due care and caution to see that his shot does not go elsewhere and strike and injure an innocent bystander. No authority is cited sustaining a contrary rule as affects civil liability to respond in damages for injuries actually inflicted as a result of negligence and carelessness.

The defendant cites many cases and text statements that, as relates to criminal liability one who is justified in shooting his assailant in self-defense is also justified in the shooting of another, to the extent that he is not subject to criminal prosecution if the shot goes astray and unintentionally strikes and injures a third person. That is true largely on account of the importance of intent as an element of an offense which justifies criminal prosecution. It seems clear that such rules applicable as to criminal prosecutions cannot control as to civil liability to pay for damages inflicted. Many cases arise where a negligent act of a person causes damage and results in his civil liability to pay damages, where the circumstances are such that the same act does not render the person liable to criminal prosecution for that act. Likewise many cases must arise where a person has a legal and lawful right or duty to pursue a certain course, yet is required to do so with due care and caution for the right and safety of others.

In this case it is not contended that the defendant is liable to any criminal prosecution, or to suffer any criminal penalty for injury to plaintiff. No exemplary or punitive damages were sought or recovered. The action merely sought to require defendant to make good the damage he had caused by fair payment therefor. It cannot be denied that the plaintiff was gravely injured, and there is no serious contention that the amount of the verdict is excessive under the evidence.

We must conclude that the defendant's contention of justification and freedom from liability cannot be sustained. His liability depends upon whether he acted negligently and without due care for the rights of the plaintiff. That question, as stated in the authorities cited, was a question for the jury, and their determination in this case is amply supported by the evidence.

The defendant next contends that the trial court erred in giving to the jury instruction No. 10. That instruction deals at some length with the defendant's rights to act in his necessary self-defense. We deem it unnecessary to copy the instruction in full. The first portion of the instruction, standing alone, would be more favorable to the defendant than his rights would justify. The latter portion of the instruction was written in a somewhat argumentative way, apparently in an effort to make certain the thorough instruction of the jury. But, taken as a whole, and considered in connection with all of the instructions given, we find that instruction No. 10 does not depart from the rule that the defendant was under the duty to act with due prudence and caution so by his own negligent and careless act not to bring about the injury of the plaintiff or any innocent bystander. The defendant presents the contention that this instruction in a sense deprived defendant of his right to arm himself and to seek to apprehend the robbers and to shoot for that purpose, and to shoot in his necessary self-defense, but we do not find that the instruction, even standing alone, is reasonably susceptible of that construction, nor even confusing to the jury in connection with all of the other in-

structions given. This numbered instruction seems to have been written in view of that ground of defense which was based upon the claim of acting in self-defense. It was one contention of the defendant that if he acted in self-defense, that fact alone would bar the plaintiff here of any recovery. That contention cannot be sustained in view of our former decision in Shaw v. Lord, supra. We find no reversible error in giving the instruction No. 10.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

OBSORN, V. C. J., and BAYLESS, BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. McNEILL, C. J., not participating. RILEY, J., absent.