## MARY J. WOODS *vs.* CITY OF BOSTON.

Suffolk. November 16. — 22, 1876. AMES & LORD, JJ., absent.

At the trial of an action for injuries caused by a defect in a highway, it appeared that the plaintiff, on the afternoon of a bright and pleasant day, stepped into a hole in the sidewalk and was injured, and that there was no ice or snow upon the sidewalk. The plaintiff testified that, at the time, she was not looking at the sidewalk, and that, if she had seen the hole, she should have stepped past it. *Held*, that the question, whether the plaintiff was in the exercise of due care, was rightly submitted to the jury.

TORT for personal injuries sustained by reason of a defect in a highway, which the defendant was bound to keep in repair.

At the trial in this court, before *Lord*, J., it appeared that, at the time of the accident, the plaintiff, who lived in East Boston, was walking, on her way to take the ferry at the foot of Eastern Avenue ; that she came down Fleet Street, crossed Commercial Street, and stepped upon the brick sidewalk at or near the corner of Eastern Avenue ; that she then thought she saw her husband upon Commercial Street in a northerly direction, and took a few steps upon Commercial Street in that direction, but, becoming convinced she was in error, she turned around, retraced her steps to the corner of Eastern Avenue, turned the corner, took a few steps down Eastern Avenue, stepped into the alleged defect, fell, and injured her ankle ; that this happened at about five o'clock in the afternoon of a bright and pleasant day, there being no snow or ice upon the sidewalk, which was about ten feet in width. The evidence as to the size and nature of the alleged defect, and of its position on the sidewalk, was conflicting.

The plaintiff, in answer to the question whether she knew of any reason why she did not see the place into which she stepped, testified as follows : " I don't know any reason why, except I did n't expect it was there. I was n't looking at the sidewalk. I suppose I was looking at the ferry. It is most natural, if I was looking at it, I would most likely see it." She also testified : " If I had been looking on the sidewalk for the hole, I would have stepped past it. I don't think, if I saw it, I should have gone into it. I can't say why I was not looking at the side-

walk.   I know I was n't looking for an accident, or expecting it, until it came on to me.   It came on to me like an earthquake."

The defendant requested the judge to rule that there was no evidence of due care on the part of the plaintiff at the time she met with the accident.   The judge declined to give this instruction, but submitted the case to the jury under general instructions as to what would constitute due care, to which no exception was taken.   The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*R. M. Morse, Jr. & C. P. Greenough*, for the defendant.

*J. E. Fitzgerald*, for the plaintiff, was not called upon.

ENDICOTT, J.   The surrounding circumstances, and the conduct of the plaintiff at the time she stepped into the hole in the sidewalk, were fully disclosed by the evidence.   It cannot be said to appear conclusively that she was careless, because she failed to keep her eyes constantly upon the sidewalk before her. Whether she was in the exercise of that due care which persons of common prudence would exercise under like circumstances, was properly submitted to the jury.   *Mayo* v. *Boston & Maine Railroad*, 104 Mass. 137.   *French* v. *Taunton Branch Railroad*, 116 Mass. 537.   *Hill* v. *Seekonk*, 119 Mass. 85.   *Hunt* v. *Salem*, *ante*, 294.                                   *Exceptions overruled.*