TERESA FLYNN *vs.* INHABITANTS OF WATERTOWN.

Middlesex.    January 12, 1899. — March 4, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Defective Highway — Liability of Town — Due Care — Law and Fact.*

In an action against a town for personal injuries caused by an alleged defect in a highway, it appeared that there had been a concrete crossing running from one side of the street to the other; that then the street was widened on the southerly side, a double railway track was laid in the middle of the street, and that part of the crossing lying southerly of the tracks was taken up; that on the northerly side of the street a new sidewalk with curbing was laid, and the end of the crosswalk was cut off a little distance from the curbing, the evidence as to such distance, as to the height above the bottom of the gutter, and as to the condition of the end cut off being conflicting; and that the plaintiff, in attempting to cross from the northerly side of the street, stepped into the gutter, and, striking against the end of the crosswalk, fell and was injured. *Held*, that the question whether the condition of the end of the crosswalk was a defect for which the town was liable was for the jury.

It is a question for the jury whether a person whose attention, while attempting to cross from one side of a street to the other, is distracted by the approach of an electric car, and who fails to notice a defect in the crosswalk, although it is light enough to see, was in the exercise of due care.

TORT, for personal injuries sustained by the plaintiff through an alleged defect in a highway in the defendant town. At the trial in the Superior Court, before *Sheldon,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*J. E. Abbott,* for the defendant.

*L. G. Blair,* for the plaintiff.

LATHROP, J. The plaintiff was injured while attempting to cross Mount Auburn Street in the defendant town. Long before the accident there had been a concrete crossing at this place running from one side of the street to the other. Then the

street was widened on the southerly side, a double track of the West End Street Railway Company was laid in the middle of the street, and that part of the crossing lying southerly of the tracks was taken up. On the northerly side of the street, a new sidewalk with curbing was laid ; and the end of the crosswalk was cut off at a little distance from the curbing. As to the distance from the curbing, the height above the bottom of the gutter, and the condition of the end so cut off, the evidence was conflicting, varying from one foot to two and a half feet for the distance from the curbing, from three inches to one foot for the height above the gutter, and from comparatively smooth to rough, broken, and jagged for the condition of the end of the walk. The plaintiff, in attempting to cross from the northerly side of the street, stepped into the gutter, and, in taking her next step, struck her foot against the end of the crosswalk, and fell.

The question whether the condition of the end of the crosswalk was a defect for which the town is liable was for the jury. *Marvin* v. *New Bedford*, 158 Mass. 464, 466, and cases cited.

The only other question is whether there was evidence for the jury that the plaintiff was in the exercise of due care. It appears from the evidence that it was light enough to see, and that if the plaintiff had looked down as she attempted to cross over the street she would have noticed the danger and have avoided it. Her attention was distracted by the approach of an electric car. It seems to us impossible to say, as matter of law, that one crossing a street is obliged to keep his attention fixed upon the ground. The danger usually encountered is that of being run over by passing vehicles. Even one walking on a sidewalk is not obliged, as matter of law, to keep his eyes fixed thereon. *Woods* v. *Boston*, 121 Mass. 337. See also *Murphy* v. *Armstrong Transfer Co.* 167 Mass. 199.

We are of opinion, in the present case, that the question of the plaintiff's due care was rightly submitted to the jury.

*Exceptions overruled.*