## City of Ashland v. Boggs.

(Decided December 18, 1914.)

### Appeal from Boyd Circuit Court.

1. Municipal Corporations—When Not An Insurer Against Accidents —Defective Streets.—A municipality is not an insurer against accidents to persons using its thoroughfares; it is not liable for injuries caused by a defective street or sidewalk in the absence of actual notice of such defect, or unless it has existed so long that notice or knowledge thereof should be imputed to the municipality.

2. Municipal Corporations—Defects in Streets.—Notice of defects in the thoroughfares of a municipality should not be imputed to the municipality where they are of recent origin, and particularly where they are concealed.

3. Municipal Corporations—Defect in Street—Negligence.—It may be stated, as a general rule, that where a pedestrian, while proceeding along the sidewalk of a municipality, sustains an injury by reason of a defect or obstruction which he might have observed had he looked, the fact that his attention was diverted from the surface of the street at the moment when he encountered the defect does not establish negligence on his part as a matter of law; whether he was negligent is, in such a case, a question for the jury.

4. Municipal Corporations—Defective Streets—Action for Personal Injuries.—In a suit to recover damages for injuries received by falling into a hole in a sidewalk, the court will peremptorily instruct the jury to find for the defendant only when the facts admitted or proved leave no room for doubt that the plaintiff failed to exercise that degree of care which an ordinarily prudent person would have exercised under like or similar circumstances for his own safety.

5. Damages—Contributory Negligence—Question for Jury.—Where a plaintiff, in an action to recover damages for having fallen into a hole in a sidewalk, had filled her arms with goods and groceries to such an extent that she was unable to see the sidewalk immediately in front of her, the question of her contributory negligence was for the jury.

JOHN T. DIEDERICH and D. H. PUTNAM for appellant.

JAMES A. WILLIAMS for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The appellee, Mrs. Alice Boggs, lived on the south side of Greenup Avenue between 22nd and 23rd streets, in the city of Ashland. About eleven o'clock on the morning of March 22, 1913, she went to Preston's grocery store on the north side of Greenup Avenue between 18th and 19th streets, and bought a boy's hat, a broom, a bundle of lettuce, and a quantity of groceries.

Carrying the hat, the broom, the lettuce, and a portion of the groceries, which she, in her testimony, called a "load of groceries," Mrs. Boggs started home, walking on the north side of Greenup Avenue. At the northwest corner of 21st Street and Greenup Avenue a small wooden foot-bridge, from three to four feet wide, and about five feet long, stretched across the gutter or drain that carried the surface water into a neighboring sewer. The gutter was from twelve to eighteen inches deep. The bridge was covered with boards from twelve to eighteen inches wide, and from three to four feet long; the boards on the bridge being laid cross-wise, stretching from side to side.

The weight of the evidence shows that the western board which formed a part of the top of the foot bridge had been removed, leaving a hole in the bridge from twelve to eighteen inches wide, and of about the same depth.

When Mrs. Boggs started to cross the bridge, the groceries and other articles which she was carrying in her arms were so placed that she was unable to see the hole in the bridge; and, stepping into the hole, she was thrown upon her left side, sustaining injuries to her back and internal organs. She was forty-three year old.

In stating plaintiff's cause of action, the petition alleges that she, "while in the exercise of reasonable and ordinary care for her own safety, stepped on to a small bridge covering a ditch about two feet deep, running across the sidewalk; and a plank in the said bridge had been removed, and lost or broken, and plaintiff stepped into said hole, which threw her across the left side of said bridge and into said ditch. That plaintiff was at the time carrying a large armful of groceries from a store to her residence, which was on the opposite side of Greenup Avenue, and she presumed, and had a right to presume, that said sidewalk was in reasonably safe repair for use and travel by the public. That it was in the day time, but the load that plaintiff had in her arms prevented her from seeing directly in front of her, and prevented her from seeing the hole in said sidewalk even though she had been looking." Her testimony fully corroborates the petition.

For answer, the city traversed the allegations of the petition; interposed a plea of contributory negligence upon the part of the plaintiff; and further affirmatively alleged that the city had no notice of the hole which had existed for only about two or three hours, and not for a sufficient length of time for defendant to learn of it by the exercise of ordinary diligence.

The plaintiff recovered a verdict and judgment for $329.00, and the city appeals.

While appellant complains of the instructions given, and the action of the court in refusing instructions offered by it, it relies for a reversal chiefly upon its contention that its motion for a peremptory instruction made at the close of the plaintiff's evidence, and renewed at the close of all the evidence, should have been sustained.

The rule of law governing cases of this character was laid down in Bell v. City of Henderson, 24 Ky. L. R., 2435; 74 S. W., 206, as follows:

"A municipality is not an insurer against accidents to persons using its thoroughfares. It is not liable for injuries caused by defective streets in the absence of actual notice of such defect, or unless they have existed so long that notice or knowledge thereof should be imputed to them. And notice should not be imputed where the defects are of recent origin, and particularly where they are concealed in anywise. While generally the jury should determine as a question of fact whether a city had such notice, yet where the facts are undisputed, and but one reasonable inference can be drawn from them, it becomes a question for the court to decide. (Smith's Modern Law of Municipal Corporations, Sections 1545-1546; Elliott on Roads and Streets, Sections 626-627; City of Covington v. Asman, 24 Ky. L. R., 415; Canfield v. City of Newport, 24 Ky. L. R., 2213.)"

City of Midway v. Lloyd, 24 Ky. L. R., 2448; 74 S. W., 195; Hazelrigg v. Board of Councilmen of Frankfort, 29 Ky. L. R., 208; 92 S. W., 584; City of Harrodsburg v. Sallee, 142 Ky., 830, are to the same effect.

There is little controversy over the facts of this case. Undoubtedly, the first or second board on the western end of the foot-bridge had been removed, leaving a hole which caused the injury to the appellee. And, although appellant has shown by several witnesses that this board probably had been removed for only a few hours, and certainly that appellant had no notice of it before the accident, nevertheless appellee has shown by several witnesses that the board had been loose, and dropped down, with one end sticking up and one down, for at least several days; and, according to some of the witnesses, for a week or more. And, although several witnesses saw the board lying nearby immediately after the accident, unbroken, and with the appearance of having lately been removed by some one, or had become displaced in some way not explained, the condition of the bridge was a question for the jury under the contradictory evidence.

Upon the issue, therefore, of imputed notice to the city, and negligence upon its part, the proof was sufficient to sustain the verdict of the jury; and, as we view the instructions, they are substantially correct.

Ordinarily, the question of contributory negligence is for the jury; but where the evidence is all one way,

and but one conclusion can reasonably be drawn therefrom, it is for the court to say whether the acts relied upon constitute contributory negligence upon the part of the plaintiff; and if they do constitute such negligence, it is the duty of the court to take the case from the jury, by directing a verdict for the defendant.

In view of the controlling effect we are called upon to give the case of Merchants' Ice & Cold Storage Co. v. Bargholt, 129 Ky., 60; 16 Am. & Eng. Ann. Cas., 965, where the question is thoroughly discussed, it will not be necessary to consider the other cases decided by this court, and in other jurisdictions, and referred to in the briefs of counsel.

In the note in 16 Am. & Eng. Ann. Cas., 969, *supra,* it is said:

"It may be stated as a general rule that where a pedestrian, while proceeding along the sidewalk of a municipality, sustains an injury by reason of a defect or obstruction which he might have observed if he had looked, the fact that his attention was diverted from the surface of the street at the moment when he encountered the defect does not establish negligence on his part as a matter of law. Whether he was negligent is in such case a question for the jury."

And, in support of the rule, the annotator cites, among other cases, Valparaiso v. Schwerdt, 40 Ind. App., 608, 82 N. E., 923, where the plaintiff's attention was diverted by a person addressing her; Mathews v. Cedar Rapids, 80 Ia., 459, 45 N. W., 894, 20 Am. St. Rep., 436, where the plaintiff fell into an opening in front of a shop while looking at goods displayed in the window; Kaiser v. Hahn, 126 Ia., 561, 102 N. W., 504, and Fuller v. Hyde Park, 162 Mass., 51, 37 N. E., 782, where the plaintiff, with face averted, was talking with a companion; Sampson v. Boston, 184 Mass., 46, 67 N. E., 866, where the plaintiff was looking at a street car to see whether seats were vacant; Keith v. Worcester, etc., St. R. Co., 196 Mass., 478, 82 N. E., 680, where the plaintiff's attention was diverted by hurrying to board a street car; Wood v. Boston, 121 Mass., 337, and Le Beau v. Telephone, etc., Constr. Co., 109 Mich., 302, 67 N. W., 339, where the plaintiff, while watching workmen tearing up a pavement, walked into a manhole guarded by a barrel placed beside it; Graves v. Battle Creek, 95 Mich., 266, 54 N. W., 757, 19 L. R. A., 641, 35 Am. St. Rep., 561, and Barr v. Kansas City, 105 Mo., 550, 16 S. W., 483, where the plaintiff

fell into a manhole while his attention was attracted to an acquaintance; Lattimore v. Union Electric Light, etc., Co., 128 Mo. App., 37, 106 S. W., 543, where the plaintiff tripped over a hose, colored like the sidewalk, while watching building operations; Houston v. Traphagen, 47 N. J. L., 23, where the plaintiff fell into an opening in the sidewalk while attracted by the contents of the shop window; Webb v. Heintz, 52 Ore., 444, 97 Pac., 753, where the plaintiff's attention was diverted to approaching street car; Barstow v. Berlin, 34 Wisc., 357; West v. Eau Claire, 89 Wisc., 31, 61 N. W., 313; Kenyon v. Mondovi, 98 Wisc., 50, 73 N. W., 314, where the plaintiff slipped on ice, his attention having been diverted by being accosted by another person; Crites v. New Richmond, 98 Wisc., 55, 73 N. W., 322; Collins v. Janesville, 117 Wisc., 415, 94 N. W., 309, and Lyon v. Grand Rapids, 121 Wisc., 609, 99 N. W., 311, where the plaintiff, having knowledge of the defect, was carrying several articles and was hurrying in response to the request of her husband who preceded her.

In the Bargholt case, *supra,* this court sustained a recovery for injuries received by Bargholt in stumbling over a block of ice negligently left upon a sidewalk, while his attention was attracted to a handsome new building that was in course of construction on the opposite side of the street. There was nothing in the way, and as Bargholt could have seen the block of ice if he had looked where he was walking, the appellant insisted that Bargholt's failure to so look was conclusive of such negligence on his part as to bar any right to recover.

The court stated the quesiton for decision in the Bargholt case, as follows:

"Was it negligence for him to fail to see the cake of ice on the sidewalk, when he could have seen it if he had been looking in that direction, or might he, while walking along the sidewalk at a point other than a public crossing, presume that the walk was clear and the way safe, and take notice of objects across the street or passing or overhead, and not be guilty of such contributory negligence as would deny him the right to recover?"

After a thorough examination of the authorities, the court held that the question of Bargholt's negligence was for the jury, and sustained a verdict awarding him a substantial recovery.

And, in concluding the opinion, the court stated its conclusions of law, as follows:

"Courts generally hold, and our court has recognized it to be the correct rule, that a pedestrian has a right to the free use of any portion of the sidewalk which is open for public use, and he has a right to assume that it is free from obstruction and in a reasonably safe condition for travel; and if, while passing over and upon a sidewalk in a street, his attention is distracted so that he fails to observe an obstruction placed upon the sidewalk where he has no right to expect it, and falls over same and is injured, the question as to whether or not he was proceeding with due care for his own safety is properly a question for the jury. It is likewise held that if, while passing along the pavement, the attention of the pedestrian is attracted across the street or overhead and away from the pavement, and while so attracted he comes upon and falls over an obstruction in the street at a point where he has no right to reasonably expect it to be and is injured, it is the province of the jury to say whether or not, under all of the circumstances, he is guilty of such contributory negligence as to deny him the right to recover. We are aware that in some jurisdictions a contrary rule is held, notably in Pennsylvania, and a distinction is there made between subjective cases and cases external or objective, but no such distinction is made in this State, and the same rule applies whether the detracting cause is some external object or the concentration of the plaintiff's mind and thought upon some absorbing topic or question."

Furthermore, in pointing out the distinction between the Bargholt case and similar cases, wherein the question of the plaintiff's contributory negligence was under consideration, the court said:

"Undoubtedly if appellee saw the cake of ice, and, seeing it, walked against it or fell over it, it would have been the duty of the court to have instructed the jury to find for the defendant; and likewise, if the evidence had shown that appellee's attention had not been distracted at the time, and he had not been looking at the building across the street or at some other object which took his attention and vision from the sidewalk, then a case might have been made out which would have warranted the court in instructing the jury to find for the defendant, though upon this point the decisions are not uniform. In other words, the court will only instruct to find for the defendant when the facts admitted or proven leave no room for doubt that he failed to exercise

that degree of care which an ordinarily prudent person would have exercised under like or similar circumstances for his own safety, and this is all that the case of the Ashland Coal & Iron Company v. Wallace, 101 Ky., 637, 19 Ky. L. R., 849, 42 S. W., 744, 45 S. W. 207, decided." p. 68.

So the question before us is, did the fact that Mrs. Boggs' attention was consumed by her burdens, voluntarily assumed, exclude her from the benefit of the rule announced in the Bargholt case, which directs the question of the pedestrian's contributory negligence to be submitted to the jury, when his attention has been distracted so that he fails to observe an obstruction upon the sidewalk?

A careful reading of the authorities leads us to the conclusion that she is not to be excluded, but that she is entitled to the benefit of the rule.

In Lattimore v. Union Electric Light Co., 128 Mo., App., 37, the court said:

"People constantly divert their attention from their footsteps when on sidewalks, and to pronounce such an act necessarily one of negligence, would amount to denouncing the entire public as careless."

In the recent case of Webb v. Heintz, 52 Ore., 444, above cited, the court said that when a pedestrian has no notice of, or reason to anticipate the dangerous condition of the walk, he is not bound to keep his eye constantly fixed on it in search of possible defects; and, if his attention is momentarily or temporarily diverted, by reason of which he does not see the defect or obstruction in time to avoid it, he is not thereby precluded from recovery as a matter of law.

To the same effect, see Birmingham v. Tayloe, 105 Ala., 170; Chicago v. Babcock, 143 Ills., 358; Jennings v. Van Schaick, 108 N. Y., 530, 2 Am. St. Rep., 459; Brown v. Weaver (Pa.), 5 Atl., 32; Weisenberg v. Appleton, 26 Wisc., 56, 7 Am. Rep., 39.

In Crites v. City of New Richmond, 98 Wisc., 55, it was held that although the plaintiff knew of a hole in a generally traveled sidewalk, he was not bound, at all times, by day or night, when passing over the sidewalk, to bear the defect in mind; and, where he was injured while his attention was momentarily diverted by conversation with a friend, the question of the plaintiff's contributory negligence was for the jury.

Furthermore, it has been held that the rule applicable to persons walking on sidewalks applies to injuries received while crossing streets. Nakomis v. Salter, 61 Ill. App., 150; Flynn v. Watertown, 173 Mass., 108; Dale v. Syracuse, 71 Hun., 449, affirmed in 148 N. Y., 750.

In Flynn v. Watertown, *supra,* the court said:

"It seems to us impossible to say, as matter of law, that one crossing a street is obliged to keep his attention fixed upon the ground. The danger usually encountered is that of being run over by passing vehicles."

And, in Nakomis v. Salter, *supra,* it appeared that the plaintiff knew the street crossing was in a defective condition, and was walking with her face averted, talking with a person behind her. Nevertheless, the court held that the plaintiff acted as persons ordinarily do under similar circumstances, and that her conduct as above recited did not justify a reversal of the jury's finding that she was exercising due care.

We do not think the fact that Mrs. Boggs had voluntarily burdened herself with her purchases so that she could not see the hole in the sidewalk, deprived her of the right to submit the question of her contributory negligence to the decision of the jury. She had the right to so burden herself; the condition in which she was thus placed no more constituted negligence *per se,* upon her part, than the voluntary acts of conversation or averted attention constituted negligence in the cases above cited.

We conclude, therefore, that the trial court properly overruled defendant's motion for a peremptory instruction, and submitted the question of appellee's negligence to the jury.

Judgment affirmed.