## City of Louisville, et al. v. Vaughn.

(Decided May 24, 1918.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

1. Livery Stable Keepers—Liabilities for Injuries.—The owner of a livery stable, who habitually places wagons in a public street thereby obstructing the same, is liable for injury to a person who, in attempting to board an interurban car in the night time, stumbles over the shafts of the wagon and falls under the electric car, unless the injured person was himself guilty of such contributory negligence as but for which he would not have been injured.

2. Municipal Corporations—Notice of Street Obstruction by Livery Stable Keeper.—A municipality which allows a liveryman to habitually store wagons in a public street for a long period of

time, is charged with notice of the presence of such obstructions in the street and is liable to a traveler injured by stumbling over the shafts of such wagons while attempting to board an interurban car, if the traveler is in the exercise of ordinary care for his own safety.

3. Municipal Corporations—Notice of Street Obstruction by Pedestrian.—When a pedestrian has notice of the dangerous condition of a street, he is bound to exercise care commensurate with the necessities of the situation, but even with such notice or knowledge, if his attention be momentarily diverted and he does not see the obstruction, he will not be denied a recovery.

J. W. S. CLEMENTS, PENDLETON BECKLEY, AUGUSTUS E. WILLSON and RICHARD PRIEST DEITZMAN for appellant.

EDWARDS, OGDEN & PEAK for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellee, Vaughn, a citizen of LaGrange, was in Louisville, April 10th, 1916, and desiring to return to his home, went to the corner of Second and Green Streets, for the purpose of boarding an interurban electric car. Just as he approached the intersection of the streets he observed what he thought to be an interurban car on Green Street, moving eastward in the direction he intended to travel, but it being very late in the evening and almost dark, appellee was unable to discern whether the approaching car was a LaGrange car or some other interurban, and in order to read the name on the car, stepped down the pavement so as to avoid an obstruction caused by two wagons setting in the street near the pavement, and as the car approached, appellee determined that it was the LaGrange car, whereupon he stepped from the pavement towards the car which was then slowing up for a stop and in going from the pavement towards the car, stumbled over the shafts of a wagon which was in the street, causing appellee to fall prone, his face striking the car and his arms across the track onto and over which the rear trucks of the car ran, so injuring and bruising appellee's arms that the same were necessarily amputated. To recover for this injury appellee, Vaughn, instituted this action against the city of Louisville, E. G. Duckwall and C. B. Duckwall, partners in a livery stable, Louisville Interurban Railroad Company, and the Louisville Railway Company, to recover damages in the sum of twenty-five thousand dollars, alleging that his injuries were the re-

sult of the joint and concurrent negligence of the four defendants. Each of the defendants filed answer, denying negligence and pleading contributory negligence on the part of the plaintiff. At the conclusion of the evidence for the plaintiff a motion for peremptory instruction was sustained as to the Louisville Interurban Railroad Company and the Louisville Railway Company, but overruled as to the other defendants. The case was submitted to the jury and the following verdict reported: ''We, the undersigned, find for the plaintiff, A. W. Vaughn, in the sum of nine thousand ($9,000.00) dollars, the said sum to be equally divided by the city of Louisville and Ed. G. Duckwall, owner of the Daisey Boarding Livery Stable.'' Upon this verdict the court rendered a judgment in favor of the plaintiff, Vaughn, for the sum of forty-five hundred dollars against the city of Louisville and a like sum against Ed. G. Duckwall, and each of the defendants prosecutes an appeal.

The evidence for the plaintiff tends to show that as he started from the pavement to board the car, immediately before his injury, he had his eyes fixed upon the approaching car in an endeavor to read the name of the street or town to which the car was destined. And while he observed the two wagons in the street near the pavement, he did not see or observe the shafts over which he stumbled and fell. He testifies that the shafts were almost exactly opposite the rear entrance of the interurban car which he attempted to board and therefore at a point at which passengers would be while boarding and alighting from interurban cars. He further shows that the street at that time and place was quite dark and that he was not acquainted with the fact that the livery stable owners had theretofore habitually placed vehicles in the street at that point.

The evidence for the defendants is to the effect that Vaughn, who had just arrived at the street intersection and who had observed the location of the wagons, negligently attempted to leave the pavement, crossing over the wagon shafts in his hurried effort to catch the car, and did not look where he was stepping, and that his fall was the result of his own carelessness. The evidence fully establishes the fact that vehicles were habitually placed and allowed to remain in the street near the point of the injury by the defendant Duckwall, who owned and kept the livery stable at that place, and that this

custom had prevailed for many months before the accident. It is practically admitted also that the agents of the city who had supervision of its streets, including its police officers, who patrolled Green Street at that point, knew, or by the exercise of ordinary diligence should have known, of the custom and habit of the livery stable owners to place vehicles in the street at that point and that the same, in some measure, obstructed the highway.

The chief complaint of appellants is: (1) that appellee, Vaughn, was guilty of contributory negligence, but for which he would not have received his injury; and, (2) erroneous instructions of the trial court.

Asserting that appellee, Vaughn, was guilty of contributory negligence but for which he would not have received his injury, appellants urge a reversal should be granted. A municipality must not allow detached vehicles or other obstructions to constantly be and remain in a street at a point which will render the street not reasonably safe for travel by the public. To do so is negligence on the part of the city. If Vaughn was negligent in failing to see and avoid the shafts of the wagon, and this negligence on his part so contributed to his injury that but for it he would not have been injured, his recovery is barred. Vaughn admits he saw the vehicles standing in the edge of the street before his injury, but he says he did not see or observe the shafts and that his mind and attention were fixed at the time on the approaching car, and he did not think of, or have his attention called to the wagons or shafts. That was a public street and a place at which Vaughn had a right to be, and to presume to be safe for travel. Under such circumstances it was not negligence as a matter of law for Vaughn to leave the pavement and proceed towards the car, at a proper place in the street, without closely observing the ground, especially when his mind and attention were attracted by and directed to an approaching car upon which he was attempting, in the hazy darkness, to discover the name. When a pedestrian has notice of the dangerous condition of a street he is bound to exercise care commensurate with the necessities of the situation, but even with such notice or knowledge, if his attention be momentarily diverted, and he does not see the obstruction, he will not be denied a recovery. City of Ashland v. Boggs, 161 Ky. 728;

Merchants Ice and Cold Storage Co. v. Bargholt, 129 Ky. 60; City of Louisville v. Brewer's Admr., 72 S. W. 9; City of Maysville v. Guilfoyle, 62 S. W. 493; City of Paducah v. Simmons, 144 Ky. 640; City of Madisonville v. Pemberton's Admr., 75 S. W. 229. Under facts similar to those in this case this court has several times held that whether the plaintiff was guilty of contributory negligence such as would defeat a recovery was one peculiarly within the province of a jury. This question was properly submitted to a jury in this case and found against appellants.

Much complaint is made of the instructions by both appellants, each insisting that a peremptory instruction should have been given to find for both defendants. A motion to this effect was made by each in the lower court, and overruled. Since we have already determined that the questions of negligence and contributory negligence, under the facts of this case, were properly for the jury, it is now unnecessary to enter into a discussion of the motion for a directed verdict, except to say that the trial court did not err in overruling the motion as to both defendants.

Instruction number one submitted to the jury the case against the livery stable. As matter of law, the owner of the livery stable was liable for the injury if it resulted directly from the wrongful act of such owner in leaving the vehicles in Green Street at the point in question, unless Vaughn was himself guilty of such contributory negligence as but for which he would not have been injured.

The stable owner left the vehicles in the street. Vaughn says the shafts were in the gutter of the street and that he stumbled over them and fell, at a time when he was attempting to cross the street at the usual place and in the customary manner, which is to say, he was employing ordinary care for his own protection. There was evidence tending to prove that because of the wagons in the street at that point the street was not reasonably safe. Upon these facts the court instructed the jury to find for plaintiff Vaughn only in case it should believe from the evidence that the stable owner and his agents placed the wagons in the street and same were there at the time and before the injury, and that by reason of the presence of the wagons at that point the street was rendered not reasonably safe, and plain-

tiff Vaughn was caused to and did fall and was injured as a direct result of the obstruction in the street, at a time when he was exercising ordinary care for his own safety. Otherwise the jury was told to find for defendant, Duckwall. This instruction very clearly submitted the questions involved to the jury.

The second instruction presents greater difficulties. It attempts to present the case against the city of Louisville. To thoroughly understand this instruction one must remember that the evidence did not show that one certain wagon had been left continually in the street at the point of injury, but that several different wagons had been placed along that side of the street near and over the point in question, and further that no one of the vehicles remained in the street continually but only at certain intervals from six a. m. till one a. m. the next day. From the evidence we learn that the city authorities who had charge of the streets, knew or had ample opportunity to have known of the continuous habit of the stable owner to place wagons in the street at that point, and notwithstanding such notice or knowledge failed to prevent, or attempt to prevent, such wrongful use of the public street for storage of vehicles. Under such a state of facts it was not possible for the city authorities in charge of the streets to know that a given wagon was standing in the street at that point, except when looking directly at the wagon, but from such long and uninterrupted custom of the stable owner to place wagons there, it was incumbent on the city and its street officers to anticipate the presence of such obstructions at such place, especially during the hours in which the wagons are shown by the evidence to have always been there. The mere fact that the city could not tell when a given wagon was standing at a certain point on the street in this vicinity, was of no consequence, if it knew from use and custom that wagons would be at that point, it was liable for the injury if the street at that point was rendered not reasonably safe by the obstructions placed there by the livery stable owner with the acquiescence of the city.

With the issues and evidence thus made up the trial court instructed the jury to find for plaintiff, Vaughn, against the city of Louisville in case it believed from the evidence that the owner of the livery stable and his agents had, through a long period of time continuously

theretofore and then stored vehicles in the street at the point where Vaughn was injured, in such way and manner as to render the said street at that point not reasonably safe at the time of the injury, and that the agents of the city knew, or by the exercise of ordinary care should have known, of this constant use of the streets to store wagons, and from such knowledge, if it existed, in the exercise of ordinary care would reasonably anticipate the presence of vehicles on the street at said time and place, and in fact such wagons were then on the street, and plaintiff Vaughn, in the exercise of ordinary care, fell over the shafts and was injured thereby as a direct result of the failure of the city to have and keep its street at said point in a reasonably safe condition, the verdict should be for the plaintiff, otherwise for the defendant.

Upon the whole case, we think the instructions fairly presented the law applicable to the issues involved.

As there was a controversy as to who owned the livery stable, E. G. Duckwall or his brother, C. B. Duckwall, the court also submitted that question to the jury by proper instruction, and the jury found Ed. G. Duckwall to be the owner of the stable. The evidence considered, we are constrained to the belief that the jury correctly found the fact. The jury was also told that the city was not liable for injury occasioned by obstructions placed in the street by third persons, unless such obstructions were known to the defendant city, or had remained in the street for such length of time and under such circumstances as to charge the city and its officers, superintending its streets, with notice thereof.

Perceiving no error to the prejudice of either of appellants, the judgment is affirmed.