# Louisville Railway Company v. Lenehan.
# Russell v. Louisville Railway Co.

(Decided March 23, 1934.)

PETER, LEE, TABB, KRIEGER & HEYBURN for appellant.
ROBERT L. PAGE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Lawrence . Lenehan sued the Louisville Railway Company for $10,075 for injuries alleged to have been sustained by him through its negligence; he recovered $3,000, and it has appealed.

W. S. Russell sued it for $2,575, the jury found for it, and Russell has appealed. These cases grew out of the same accident, they were heard together in the trial court and in this court, and will be disposed of in one opinion.

## The Accident.

Lawrence. Lenehan, aged 21, boarded one of appellant's cars going north on Fourth avenue in the city of Louisville about 10 o'clock in the evening of September 4, 1932. Immediately behind him was W. S. Russell aged 60. After they had gotten on the platform of the car, the car started forward in the regular way. According to all the witnesses, after it had gone a few feet, the motorman brought the car to a stop because the traffic light at the corner had changed from green

to red, which gave traffic approaching at right angles the right of way. It was not claimed that the motorman was negligent in stopping his car, but that he was negligent in the way in which the car was stopped, in that he brought it to a sudden stop with a violent and unnecessary jerk, and that Lenehan was thrown to the floor and his right elbow and arm were injured when Russell fell over him. All the witnesses agree the car was stopped suddenly and that these men were thrown down.

### Lenehan's Injuries.

In his fall Lenehan sustained an incomplete fracture near the elbow of the right humerus, the large bone of his upper arm. That fracture caused a formation of bony growth so near the elbow joint as to interfere with its operation, so that the motion of that joint is impaired and restricted to about 25 per cent. of normal motion. His injury is one that will not only materially impair his power to labor and earn money, but is one that will always cause him to suffer pain, and the degree of pain will depend upon the extent of the use of his arm; the more it is used the greater will be the pain, and this condition, according to three reputable surgeons, will always exist. In the opinion of one surgeon, an operation that will cost about $300 may partially relieve the condition, but, according to the testimony of two others, an operation is not advisable.

### Russell's Injuries.

Russell claims to have hurt his back, to have been unable to work for a week, and, when the trial was had about six months after the accident, that he was still suffering as a result of his injury. He did not say what was the nature of his work or whether or not he had any work for the week he was idle.

### For Reversal of Lenehan's Case.

It is urged that Lenehan's recovery is so excessively large as to indicate it was the result of passion and prejudice on the part of the jury, but, in view of what we said in City of Covington v. Lovelace, 243 Ky. 627, 49 S. W. (2d) 593, where a similar verdict was returned, we shall not disturb the judgment.

### For Reversal of Russell's Case.

The court gave the same instructions in both these

cases. In each case the court erroneously instructed upon contributory negligence when there was no evidence thereof on the part of either of these men. The rule given in 4 C. J. p. 914, sec. 2883, as amended and extended in its annotations of 1921, p. 379, reads thus:

> "The decided weight of authority is to the effect that the giving of erroneous instructions will be presumed to be prejudicial to appellant, and that the burden of proof rests on appellee to show affirmatively from the record that no prejudice resulted, and when an appellate court cannot determine from the record that a verdict was not probably influenced by an erroneous charge, the judgment will be reversed."

We regard that as a correct statement of the law, but in this case, as we interpret the record, it shows affirmatively the jury was not misled, for, under identical instructions, the same jury in the same trial, at the same time, and by the same foreman, returned a substantial verdict for Lenehan. Had the Russell case been tried separately, we would regard the error in this instruction as reversible, but, viewing it in connection with the Lenehan case, we feel that it has been demonstrated that the jury was not misled.

Both judgments are affirmed.

Dietzman, J., not sitting.