## Miller's Adm'r v. City of Pineville.
### Smith v. Same.
March 14, 1939.

James M. Gilbert, Judge.

R. L. POPE and W. J. STONE for appellants.

N. R. PATTERSON and JAMES S. WILSON for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Appellants, Robert B. Miller, administrator of the estate of Robert H. Miller, deceased, and Annie Belle Smith, by her father and next friend, James Smith, are appealing from judgments in these actions, respectively, which were tried together, where the jury was peremptorily instructed to find for appellee, City of Pineville. The first action was for damages for the alleged wrongful death of Robert H. Miller in an automobile accident and the other was for damages for personal injuries sustained by Annie Belle Smith in the same automobile accident in which Robert H. Miller was killed.

On the night of September 8, 1936, six young people, including Hugh Green, driver of the automobile, and Robert H. Miller and Annie Belle Smith, were riding around in an automobile. They had attended church at Four Mile earlier in the evening. After riding for a few miles on U. S. Highway 25E, the party drove through the city of Pineville to a place where they got

out of the car for the purpose of getting a drink of water at a spring. The accident in which the Miller boy was killed and the Smith girl was injured took place about 10:30 p. m. as the party was driving back through Pineville on Kentucky Avenue. Highway 25E passes along this avenue. Green was driving the car at a rate of speed of between 25 and 35 miles an hour. Occupants of the car testified that the fog was so dense that they could see only 18 to 20 feet in front of the car at the time and place of the accident. According to the weight of the evidence, another car was coming south on Kentucky Avenue at about the middle of the street. When Green saw the lights of the car coming south toward him he swerved his car and collided with a small Ford pick-up truck which was backed against a tree on the right side of the avenue. The front end of the truck was pointing north and it appears that the lights on the truck were not burning. The rear of the truck extended approximately one foot and a half out into the street beyond the tree. While appellants attempt to show that the Green car collided with the tree as well as the truck, the only reasonable inference from the evidence is that the car collided with the truck. It then turned over in the middle of the street beyond the truck, with its wheels up in the air.

It is our conclusion from a review of the record that the proximate cause of the accident was the collision of the car with the truck. It follows, therefore, that there is no need to consider the allegation that the city negligently constructed Kentucky Avenue by leaving trees in the street outside the curbing.

Kentucky Avenue is 34 feet from curb to curb at the place where the accident occurred. The city seems to have made provision for lighting this street. The nearest street light to the scene of the accident was approximately 40 feet south. The truck with which the Green car collided had a wheel base of 61 inches. Its body did not extend out beyond the wheels. The truck belonged to Dr. McClurkan, a Presbyterian minister. It was parked in the street against the curb in front of his house although some of the witnesses stated that they thought the truck was parked at an angle to the curb.

Having disposed of the allegation that the city had negligently constructed Kentucky Avenue by leaving trees standing in the street out beyond the curbing, we

have left for consideration the allegation that the city had for a period of several months negligently and carelessly allowed trucks and cars to be parked on Kentucky Avenue at the place of the accident without parking lights or warning signs, thereby creating a dangerous obstruction and public nuisance to the traveling public. The city alleged that the death of the Miller boy and the injuries to the Smith girl would not have occurred but for the negligence and carelessness of those parties. Two former trials resulted in hung juries.

The question narrows down to whether the city of Pineville should be charged with negligence because an unlighted truck was parked on Kentucky Avenue at the time the accident took place. We are not concerned with the negligence, if any, of the Green boy who was driving the car, or that of the driver of the car said to have been coming south on Kentucky Avenue in the middle of the street; or that of the owner of the unlighted truck which was parked in front of his home.

Appellants attempt to show that the city had notice of the fact that the truck was parked on Kentucky Avenue, or by the exercise of ordinary care it could have had knowledge thereof. Two witnesses, one of them the father of the Green boy, testified that they had passed along Kentucky Avenue and had seen a truck parked in front of the preacher's home from time to time. One of the witnesses testified that he had seen other cars and trucks parked on the Avenue. Appellants sought also to charge the city with notice of the parked truck on the ground that two of its policemen passed the point where it was parked at the time of the accident on their way to and from work. The father of the Green boy was asked the following question: "Q. 29. In traveling from the home of these two policemen to the court house, in the heart of the city, which was the most direct and usual route from the homes of these policemen to the City Hall?" He answered: "Kentucky Avenue would be the closest."

It is our conclusion that this evidence was wholly inadequate to charge the city with notice of the parked truck, since there was no showing as to when or how long the truck had been parked at the place of the accident.

But granting that the city had notice that the truck and other automotive vehicles were parked along Ker-

tucky Avenue, we fail to see by what reasoning the city should be held liable for damages because the car driven by the Green boy collided with McClurkan's parked truck. We do not consider the case of City of Louisville v. Vaughan, 180 Ky. 681, 203 S. W. 546, to be in point. As Vaughan was running to board a street car he fell over the shafts of a wagon which had been left on the side of the street near a street car stop. He stated that he observed two wagons in the street near the pavement, but that he did not see the shafts over which he fell. He stated also that the shafts were opposite the rear entrance of the car which he was attempting to board. It was pointed out that the evidence fully established the fact that vehicles were habitually placed and allowed to remain in the street near the point of the accident by the defendant, who owned and kept the livery stable at that place, and that this practice had prevailed for many months before the accident. It was also practically admitted in the Vaughan case that the agents of the city, who had supervision of its streets, including its police officers who patrolled the street where the accident took place, knew, or by the exercise of ordinary diligence should have known, of the custom and habit of the livery stable owners to place vehicles in the street at that point.

Kentucky Avenue is 34 feet wide. If cars and trucks, such as the one in question, were parked against the curbing all along the street on both sides, there would still be 24 feet left for the traveling public. This distance is wider than the average highway and is more than adequate for two cars to pass safely. While the city does not seem to have adopted an ordinance under section 2739g-24 of the statutes concerning the parking of vehicles without lights, we have noted that provision had been made for lighting the street. But even here, the provision of the section of the statute just mentioned is permissive, and a question of negligence concerning the parking of an unlighted vehicle would be that of the owner of the vehicle and not the city. As was pointed out in the case of Kimble v. Standard Oil Company, 235 Ky. 169, 30 S. W. (2d) 890, 891, the parking of motor vehicles on city streets under modern conditions has become a necessity. In that case it was said:

"No facts are alleged showing negligence on the part of appellees, and in the absence of a city ordi-

nance controlling the subject, parking a motor vehicle on the street is not an unlawful act and no facts are alleged showing the parking was done in a negligent manner."

See also City of Harrodsburg v. Abram, 138 Ky. 157, 127 S. W. 758, 29 L. R. A., N. S., 199; and Pugh v. City of Catlettsburg, 214 Ky. 312, 283 S. W. 89, 46 A. L. R. 939.

In the case at bar we are faced with the attempt to charge the city with negligence because the owner of a small truck parked it on the street in front of his home. It might be said that it is almost as necessary to have a place to park a motor vehicle as it is to have a place to drive it. Common knowledge demonstrates the fact that the streets of municipalities are necessarily used for parking purposes, as well as for driving thereon. It is true, of course, that many municipalities have found it necessary to regulate parking in certain areas for the purpose of facilitating traffic, and as an aid to business. It would be a far-fetched proposition to charge a municipality with the negligence of the owner of a motor vehicle who had parked it so as to make it a hazard in the street, without showing that the city had notice thereof. But in the case at bar there is no charge that McClurkan parked his truck on Kentucky Avenue in a negligent manner.

Appellants object not only to the giving of the peremptory instruction in favor of the city of Pineville by the trial judge, but they insist also that he was in error in his reasons for giving such instruction. Having reached the conclusion that the city of Pineville was entitled to the peremptory instruction given, and that the judgment should be affirmed, we conclude by saying, as was said in the case of Stockton v. Hall, Hardin 160, 161: "It is better to do right from wrong inducements, than to reverse that which is right because it was wrongfully engendered."

Judgment affirmed.